IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COURTNEY S. DREW, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. CIV-23-900-D ) |
| UNITED STATES POSTAL SERVICE, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**O R D E R**

Before the Court is Plaintiff's *pro se* filing entitled, "Response to Court Order to Show Cause" [Doc. No. 10]. Although framed as correspondence, the Court liberally construes the paper as Plaintiff's response to the Order of February 9, 2024 [Doc. No. 9], directing her to show cause why the case should not be dismissed under Fed. R. Civ. P. 4(m).

Although a *pro se* litigant's papers are held to a less stringent standard than ones drafted by lawyers, Plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994)). Specifically, "[a] pro se litigant is still obligated to follow the requirements of Fed. R. Civ. P. 4." *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993). Thus, Plaintiff's representation that she was unaware of the Federal Rule of Civil Procedure and the service requirement is insufficient to excuse her failure to serve Defendants with process.

Although the court of appeals has not conclusively defined "good cause" for purposes of Rule 4(m), the court "has interpreted the phrase narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service." *Broitman v. Kirkland* (*In re Kirkland*), 86 F.3d 172, 174 (10th Cir. 1996); *see Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994); *accord Murphy v. City of Tulsa*, 556 F. App'x 664, 668 (10th Cir. 2014). "The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule." *Kirkland*, 86 F.3d at 176; *Despain*, 13 F.3d at 1438. Under the circumstances of this case, where Plaintiff made no attempt to serve any defendant, the Court finds that Plaintiff has failed to show good cause for the lack of timely service.

The question thus becomes whether the Court should exercise its discretion to allow additional time for service. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) ("If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted."). In making this decision, a district court should consider any pertinent factors or policy considerations, such as prejudice to the plaintiff from a dismissal, prejudice to the defendants if additional time is allowed, and a complicated service rule. *Id.* at 842. Under the circumstances of this case, including Plaintiff's prompt action to obtain the issuance of summonses when she was informed of the service requirement, the Court finds that Plaintiff should be granted a reasonable amount of additional time to complete service of process.

**IT IS THEREFORE ORDERED** that Plaintiff has satisfied the show-cause order. The time limit for service under Rule 4(m) is extended to March 25, 2024.

**IT IS SO ORDERED** this 22nd day of February, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge