## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

COURTNEY S. DREW,                          )
                                           )
      Plaintiff,                           )
                                           )
v.                                         )        Case No. CIV-23-900-D
                                           )
UNITED STATES POSTAL SERVICE, *et al.*,    )
                                           )
      Defendants.                          )

## **O R D E R**

Before the Court is Defendants' Motion to Dismiss [Doc. No. 22] under Fed. R. Civ. P. 12(b)(1), (2), (5), and (6).[1]   Defendants assert that Plaintiff has failed to complete service of process (and thus establish personal jurisdiction), failed to identify a basis to overcome sovereign immunity (and thus establish subject matter jurisdiction), and failed to plead a plausible claim. Plaintiff, who appears *pro se*, argues in her response [Doc. No. 24] that the service deficiencies can be corrected and that she alleges violations of federal law and states claims on which relief can be granted.[2]   Defendants contend in reply [Doc. No. 25] that Plaintiff's response shows the lack of subject matter jurisdiction. This threshold issue must be resolved before reaching the merits of Plaintiff's claims.   *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998).

---

[1]   These rules are not cited in the Motion but appear in Defendants' supporting brief.

[2]   Because Plaintiff appears *pro se*, the Court must liberally construe her pleading and arguments, but it cannot act as her advocate.   *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (*pro se* litigants must "follow the same rules of procedure that govern other litigants").

**Factual and Procedural Background**

Plaintiff brings suit to challenge the termination of her employment, or her removal, by the United States Postal Service ("USPS"). She complains that the final decision upholding her removal did not comply with time limits of USPS's Employee and Labor Relations Manual, did not appropriately consider the required factors, and incorrectly found she engaged in insubordination.   *See* Compl. [Doc. No. 1] at 4.[3]   For relief, Plaintiff seeks to vacate USPS's final decision and contest her removal and, ultimately, "reinstatement to her former position as Training Instructor at the USPS."   *Id*.[4]

Plaintiff's pleading utilizes a civil complaint form that includes a section regarding subject matter jurisdiction. When completing the form, Plaintiff selected "Federal question" as the basis for jurisdiction, and wrote an incomplete citation:   "U.S.C. § 701." *Id*. at 3. She provided a statement of the federal laws at issue that mentions only USPS's Employee and Labor Relations Manual.   *Id*. Plaintiff argues in her brief that her claims are based on violations of specific provisions of the Manual and that the Complaint contains a scrivener's error; "the correct citation should be 5 U.S.C. § 704."   *See* Resp.

---

[3]   All citations to Plaintiff's papers use page numbers supplied by the Court's electronic filing system.

[4]   In the style of the case, Plaintiff identifies USPS as Defendant, but the Complaint names three individual USPS employees:   Thomas J. Blum, Vice President, Labor Relations (who issued the final decision); Bernadette Morgan, Manager (who issued the removal decision); and Kathleen DePaul, Acting Supervisor (who issued a notice of proposed removal).   *See* Compl. at 2 and Ex. 1 [Doc. No. 1-1].   Due to the nature of Plaintiff's claims and the relief sought, Defendants assume in their Motion that Plaintiff is suing the individuals in their official capacities as employees of USPS.   Plaintiff does not disagree with this characterization of her claims.   Accordingly, the Court treats Plaintiff's suit as an action against USPS.   *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent").

Br. at 2.   She offers to amend her pleading "to explicitly state these bases for jurisdiction." *Id*. at 1.

In simply identifying the federal statute and laws on which her case is based, Plaintiff misunderstands the jurisdictional issue raised by the Motion.   Defendants assert that USPS enjoys federal sovereign immunity from suit and Plaintiff has failed to identify any waiver of its immunity. *See* Mot. Dismiss at 3-4. The defense of sovereign immunity is jurisdictional and properly raised by a motion under Rule 12(b)(1). *See Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002).

## Standard of Decision

"Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. U.S. Dept. of Interior*, 379 F. 3d 901, 906 (10th Cir. 2004) (internal quotation omitted).   If a motion challenges only the sufficiency of the plaintiff's jurisdictional allegations, a court confines its review to the pleadings and accepts the allegations in the complaint as true.   *See Peterson v. Martinez*, 707 F.3d 1197, 1205-06 (10th Cir. 2013); *Holt v. United States*, 46 F. 3d 1000, 1002 (10th Cir. 1995).   In this case, USPS raises a pleading-based jurisdictional issue, and the Court confines its inquiry to the facts stated by Plaintiff.

## Analysis

Generally, where a plaintiff relies on subject matter jurisdiction under 28 U.S.C. § 1331, the "plaintiff creates federal-question jurisdiction by means of a well-pleaded

complaint establishing either that federal law creates the cause of action or that the plaintiff's right to relief . . . depends on resolution of a substantial question of federal law." *Sac & Fox Nation v. Cuomo*, 193 F.3d 1162, 1165 (10th Cir. 1999) (internal quotation omitted); *accord Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012). However, "[b]ecause general jurisdictional statutes, such as 28 U.S.C. § 1331, do not waive the Government's sovereign immunity, a party seeking to assert a claim against the government under such a statute must also point to a specific waiver of immunity in order to establish jurisdiction." *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. and Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009); *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015).

"Under the Postal Reorganization Act, 39 U.S.C. § 101 *et seq.*, the Postal Service is 'an independent establishment of the executive branch of the Government of the United States.'" *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 483-84 (2006) (quoting 39 U.S.C. § 201)). "Consistent with this status, the Postal Service enjoys federal sovereign immunity absent a waiver." *Dolan*, 546 U.S. at 484; *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 744 (2004). The "sue-and-be-sued clause" of 39 U.S.C. § 401 waives USPS's immunity from suit only "if the substantive law in question . . . extends to the Postal Service." *Flamingo Indus.*, 540 U.S. at 744.

In this case, Plaintiff does not identify a substantive law that would permit her to sue USPS over her removal from employment. Plaintiff does contend the Employee and Labor Relations Manual authorizes such a suit. Her statutory authority is a section of the Administrative Procedures Act ("APA"), 5 U.S.C. § 704, that permits judicial review of a

final agency action.    However, the Postal Reorganization Act expressly provides that this

part of the APA (chapter 7 of Title 5) does not "apply to the exercise of the powers of the

Postal Service."    *See* 39 U.S.C. § 410(a).    Further, the only laws dealing with federal

employees that apply to USPS are listed in § 410(b).    Plaintiff does not allege that any of

these laws were violated.    The Court therefore finds that Plaintiff has failed to show a

waiver of sovereign immunity that would authorize this action against USPS.

### Conclusion

For these reasons, the Court finds that the Complaint should be dismissed for lack

of jurisdiction.[5]

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss [Doc.

No. 22] is **GRANTED**.    Plaintiff's action is **DISMISSED** without prejudice.[6]    A

separate judgment of dismissal shall be entered.

---

[5]   On the last page of her brief, Plaintiff makes a conclusory request for leave to amend the Complaint to cure any deficiency.  *See* Resp. Br. at 3.  Such bare requests, which fail to comply with Fed. R. Civ. P. 15(a) and LCvR15.1, "do not rise to the status of a motion and do not put the issue before the district court."  *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021).  Under *Brooks*, a district court need "not recognize Plaintiffs' single sentence as a cognizable motion" and does "not abuse its discretion in denying that request."  *Id*.

Further, Plaintiff's proposed amendment would be futile.  Plaintiff's offer to amend the Complaint to conform to the jurisdictional arguments in her brief would not defeat USPS's immunity and need not be allowed.  *See Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013) ("a district court may refuse to allow amendment if it would be futile").

[6]   A dismissal for lack of jurisdiction must be without prejudice to refiling, even if refiling would be futile.  *See Brereton v. Bountiful City Corp*., 434 F.3d 1213, 1218 (10th Cir. 2006) ("the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims") (emphasis in original).

**IT IS SO ORDERED** this 21st day of June, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

6